UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Aaron Bell**                                    **Docket No. 7:20-CR-104-1M**

### Petition for Action on Supervised Release

COMES NOW Korey A. Cross, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Aaron Bell, who, upon an earlier plea of guilty to Distribution of a Quantity of Heroin, in violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and Possession of a Firearm by a Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), was sentenced by the Honorable Richard E. Myers II, Chief United States District Judge, on January 6, 2021, to the custody of the Bureau of Prisons for a term of 48 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 36 months.

Aaron Bell was released from custody on November 21, 2023, at which time the term of supervised release commenced.

On February 1, 2024, a Violation Report was submitted alleging that the defendant committed the offenses of Driving While License Revoked and Speeding. No court action was taken at the time.

On July 23, 2024, a Violation Report was submitted alleging that the defendant used marijuana and Percocet. No court action was taken; however, the defendant was referred to substance abuse treatment.

On March 17, 2025, a Violation Report was submitted advising that the defendant committed the following offenses: Driving While License Revoked (Not Impaired Revocation) and Failure to Wear Seatbelt as Driver on April 23, 2024; Driving While License Revoked (Not Impaired Revocation), Speeding, and Reckless Driving to Endanger on November 29, 2024; and Driving While License Revoked (Not Impaired Revocation), Speeding, and Failure to Wear Seatbelt as Driver on January 9, 2025. No court action was taken at the time.

On October 9, 2025, a Violation Report was submitted advising that the defendant committed the offenses of Driving While License Revoked (Not Impaired Revocation) and Speeding. No court action was taken at that time.

On October 31, 2025, a Violation Report was submitted advising that the defendant committed the offenses of Driving While License Revoked (Not Impaired Revocation) and Speeding. No court action was taken.

On January 12, 2026, a Petition for Action was submitted advising that the defendant submitted a urine sample that tested positive for Norbuprenorphine, Oxycodone, and Oxymorphone. It further advised that on December 21, 2025, the defendant was charged with Driving While License Revoked (Not Impaired Revocation), Window Tinting Violation, and Possession of Drug Paraphernalia. It was recommended that the defendant comply with 60 days of curfew with electronic monitoring. The court agreed.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

Aaron Bell
Docket No. 7:20-CR-104-1M
Petition For Action
Page 2

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include

urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

3. The defendant consent to a warrantless search by a United States Probation Officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

4. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

5. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

6. The defendant shall provide the probation office with access to any requested financial information.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

On March 26, 2026, the defendant was charged with Speeding, Driving While License Revoked Not Impaired Revocation, and Reckless Driving-Wanton Disregard (26CR2462) in Columbus County, North Carolina. On April 2, 2026, the defendant was charged with Possession of Drug Paraphernalia, Expired Registration Card/Tag, and Driving While License Revoked Not Impaired Revocation in New Hanover County, North Carolina. All charges currently remain pending. The defendant understands that continuing to drive without a license is not acceptable. It is respectfully recommended that supervision be continued. These charges will be closely monitored, and if a conviction occurs, the court will immediately be notified.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the mandatory, standard, and special conditions that were imposed at the time of sentencing.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

**Aaron Bell**
**Docket No. 7:20-CR-104-1M**
**Petition For Action**
**Page 4**

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Mindy L. Threlkeld
Mindy L. Threlkeld
Supervising U.S. Probation Officer

/s/ Korey A. Cross
Korey A. Cross
U.S. Probation Officer
2 Princess Street, Suite 308
Wilmington, NC 28401-4290
Phone: 910-679-2051
Executed On: June 4, 2026

## ORDER OF THE COURT

Considered and ordered this __4th__ day of __June__, 2026, and ordered filed and made a part of the records in the above case.

Richard E. Myers II
Chief United States District Judge